# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOMINICK GALIANO, JR. : <br> 2115 Jenkintown Road : <br> Glenside, PA 19038 : <br>  : CIVIL ACTION <br> Plaintiff, : <br> v. : No. _____ <br>  : <br> COALITION AGAINST RAPE & : <br> ABUSE : <br> P.O. Box 774 : <br> Cape May Court House, NJ 0821 : **JURY TRIAL DEMANDED** <br>     and : <br> CLAIRE GALIANO : <br> P.O. Box 774 : <br> Cape May Court House, NJ 0821 : <br>  : <br> Defendants. : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1.  This action has been initiated by Dominick Galiano, Jr. (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the New Jersey Wage and Hour Laws ("the NJWHL" - N.J.A.C. §§ 12:56-7.1, *et. seq*.). Plaintiff was not paid overtime compensation in violation of state law(s), and he is owed actual damages, liquidated damages, costs, and attorney's fees (among other recoverable remedies).

### II. JURISDICTION AND VENUE

2.  This Court, in accordance with 28 U.S.C. § 1332, has jurisdiction over Plaintiff's claims because there exists diversity jurisdiction. In particular:

    (a) Plaintiff is a domiciliary, resident and citizen of Pennsylvania at the above-captioned address;

    (b) Defendant Coalition Against Rape and Abuse is upon information and belief a New Jersey incorporated and registered entity with its headquarters in Cape May, New Jersey. This entity is exclusively a resident, domiciliary, and citizen of New Jersey;

    (c) Defendant Claire Galiano is upon information and belief a New Jersey resident, domiciliary and citizens residing in Villas, New Jersey; and

    (d) Plaintiff is seeking in excess of $75,000.00, exclusive of costs and interest as more specifically outlined throughout this lawsuit (and incorporated herein by reference).

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this State and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. **PARTIES**

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Coalition Against Rape & Abuse (hereinafter, "Defendant CARA" where referred to individually) is a non-profit entity registered and incorporated in the State of New Jersey.

8. Claire Galiano (hereinafter, "Defendant CG" where referred to individually) has and remains the Executive Director of Defendant CARA who oversees all operations, payroll, and terms and conditions of employee work environments and compensation structures.

9. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by Defendant CARA in or about June of 2017; and in total, Plaintiff was employed for approximately 5 years.

12. Defendant CARA is a non-profit entity incorporated in New Jersey. This entity provides shelter, counseling, support, and legal services to individuals with a variety of health, wellness, or other complications from assault.

13. Defendant CARA is operated and micromanaged by Defendant CG, who serves as Executive Director of Defendant CARA (and the highest in charge by way of management hierarchy).

14. The claims in this lawsuit are very straight forward: the same employer, the same company, and the same exact business required Plaintiff to work in 2 separate job titles (as will be explained more *infra*) and unlawfully paid Plaintiff only straight time for each job position instead of time and one half for overtime hours worked (despite that Plaintiff regularly worked 60-80 hours per week for the exact same entity).

15. This lawsuit focuses on *an approximate* 3-year lookback, as the NJWHL was amended effective August 6, 2019 creating a 6-year statute of limitations.[1] Thus, damages are

---

[1] Several courts in this District have held that although the statute of limitations was extended to 6 years om 2019, the statute does not apply retroactively prior to August 6, 2019.

sought from the timeframe of mid-2019 through Plaintiff's termination from employment occurring on or about June 29, 2022.

16. Although Plaintiff's role and compensation structure varied pre-August 2019, Plaintiff's allegations herein relate solely to the at-issue and relevant timeframe from mid-August of 2019 through June 29, 2022.

17. Plaintiff generally averaged working 80 hours per week for Defendant CARA until in or about mid-2021 when he averaged 64 hours per week (or more).

18. Plaintiff was laborer during the day performing general maintenance paid at a rate of $40.00 per hour and was considered a security guard at nights paid at a rate of $25.00 per hour.

19. Plaintiff worked so much per week that he generally slept in a facility used for storage by Defendants.

20. Plaintiff averaged working 24 – 40 hours of overtime per week of which he was never paid at a rate of time and one half in accordance with the NJWHL. Instead, regardless of the number or quantity of hours worked by Plaintiff, he was paid what is commonly referred to as straight time (his same base hourly rate for overtime hours).

21. Under the NJWHL (and applicable wage provisions), Defendants are both liable (and proper defendants) for non-payment of overtime, as the statute defines as "Employer" as: "any individual," "corporation," "association," "or any person or group of persons acting directly or indirectly in the interest of an employer." They are liable individually, as to their own assets, and/or jointly or severally.

22. Under the NJWHL, an employer shall pay "overtime" of the "regular hourly wage rate" for "all hours worked in excess of 40 hours in any workweek." *See* § 12:56-13.3.

23. Defendants exhibited <u>extreme bad faith</u> (and not just reckless ignorance) in not compensating Plaintiff for overtime, as: (1) it is *common knowledge* that any business must pay overtime beyond 40 hours per week regardless of whether some works in different roles for the same employer; and (2) if there were any feigned question, it would take *less than 2 minutes* to google (or perform an on-line search) to immediately confirm the legal requirement(s) to pay someone overtime <u>even if</u> he works in multiple jobs for the same business.

24. By way of illustration, Plaintiff received a payroll check for the "pay period: 03/16/2021 – 03/21/2021," a 2-week (bi-weekly pay) period. It was typical for Plaintiff to be paid every 2 weeks. In this payroll check, Plaintiff was identified as: (a) working 80 hours at a rate of $40.00 per hour and was paid at total of $3,200.00; and (b) working 80 hours at a rate of $25.00 per hour and was paid a total of $2,000.00.

25. The manner of pay check and pay stub illustrated above (for the March 2021 pay period) is consistent with the exact manner in which Plaintiff was generally compensated throughout his tenure. Plaintiff was paid on the same paycheck, by the same company, and without any calculation or reference to overtime.

26. State and federal formulas for calculating overtime in multiple jobs are the same. The calculation for Plaintiff's overtime in a single week would be as follows by way of further illustration (as overtime is supposed to be calculated weekly):

- Plaintiff would earn $1,600.00 from working 40 hours x $40 (maintenance job);
- Plaintiff would earn $1,000.00 from working 40 hours x $25 (security job);
- Plaintiff's total weekly income was $2,600.00;
- $2,600.00 divided by an 80-hour workweek equals a base rate of <u>$32.50</u> per hour for overtime purposes, as overtime base rates are determined by dividing <u>both jobs</u> at different pay rates by hours worked in the workweek;

5

- The base rate is then multiplied x 1.5 to create the overtime rate of $48.75 for the average of both jobs;

- By being paid straight time, Plaintiff was in effect only paid his base rate. Plaintiff was not paid at the overtime rate;

- Plaintiff thus remains owed $16.25 per hour for every hour he worked more than 40 hours per week (in this illustration); and

- In this single week illustration, Plaintiff was not paid a total of $650.00 ($16.25 x 40).

27. In a typical year where Plaintiff averaged 80 hours week performing both simultaneous roles for Defendants, he would remain owed $33,800.00 in unpaid overtime for the single year ($650 x 52 weeks).

28. In an approximate 3-year lookback, Plaintiff is owed roughly $100,000.00. ***In addition*** to actual unpaid overtime compensation, the NJWHL entitles Plaintiff to 200% liquidated damages for all unpaid wages, attorney's fees, costs, and other remedies. In total, Plaintiff is owed in excess of $300,000.00 with permissible statutory damages.

### Count I
### Violations of the New Jersey Wage and Hour Law(s)
**(Failure to Pay Overtime Compensation)**
**- Against Both Defendants -**

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. Plaintiff was not properly paid for all owed overtime as explained *supra*. And such actions constitute violations of the New Jersey Wage and Hour Law(s).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting overtime and wage violations;

6

B.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to all owed wages, overtime, past and future lost earnings, benefits, pension or other employee perks, and other applicable compensation;

C.      Plaintiff is to be awarded actual damages to which he is equitably or legally entitled beyond those already specified herein;

D.      Plaintiff is to be awarded liquidated or other penalty damages as permitted by applicable laws;

E.      Plaintiff is to be accorded other equitable relief as the Court deems just, proper, and appropriate;

F.      Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

G.      Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

_____
Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: July 29, 2022